a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SAMET DOYDUK #A207777576,<br>Petitioner | CIVIL DOCKET NO. 1:24-CV-00150<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| ALEJANDRO MAYORKAS ET AL,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Samet Doyduk ("Doyduk"). Doyduk is detained at the LaSalle ICE Processing Center in Jena, Louisiana. He asks that the Court order his release from custody.

Because Doyduk is not entitled to release under § 2241, his Petition (ECF No. 4) should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. Background

Doyduk is a native and citizen of Turkey. ECF No. 1. He entered the United States as a B-2 non-immigrant visitor on December 31, 2011. Doyduk pleaded guilty to "Conspiracy to Commit Export Violations (Defense Articles)" in the United States District Court for the District of New Jersey. *United States v. Doyduk*, 1:21-CR-0326 (D. N.J.), ECF No. 52. On July 12, 2022, Doyduk was sentenced to 15 months of imprisonment. *Id.* at ECF No. 68.

Doyduk was ordered removed on September 18, 2023. ECF No. 1 at 4. He filed a Motion to Reopen the following month. Doyduk reports that the Immigration Judge ("IJ") granted him "deferral" under the United Nations Convention Against Torture ("CAT"). *Id.* The Government appealed, and the matter is pending before the Board of Immigration Appeals. *Id.* Doyduk seeks release from custody pending the appeal.

## II. Law and Analysis

### A. Doyduk cannot establish a statutory violation of 8 U.S.C. § 1231(a).

Doyduk alleges that his continued detention "contravenes 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). . . ." ECF No. 1 at 5. Doyduk asserts that he continues to "languish in detention," and his removal is unlikely to occur in the reasonably foreseeable future. *Id.*

Section 1231(a)(6) authorizes the continued detention of an alien subject to a final order of removal for a reasonable time, as needed to effect removal. *See* 8 U.S.C. § 1231(a)(6); *Zadvydas*, 533 U.S. at 682. But Doyduk alleges that he is "still waiting for a final resolution on my removal case." ECF No. 1 at 5. He states that the Government appealed the IJ's ruling, and the appeal is pending. ECF No. 1 at 5. Because there is no final order of removal, § 1231 and *Zadvydas* are inapplicable.

### B. Doyduk does not allege a substantive or procedural due process violation.

Doyduk acknowledges that he is removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). ECF No. 4 at 2. As such, his detention is mandatory under § 1226(c), which requires the Attorney General to detain aliens who are inadmissible or removable based on having committed certain criminal offenses. *See* 28 U.S.C. §

1226(c)(1). Section 1226(c) eliminates the availability of release on bond except when necessary to provide protection to a witness. *See* 8 U.S.C. § 1226(c)(2). In *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), the Supreme Court stated that the language of the statute "reinforces the conclusion that aliens detained under its authority are not entitled to be released under any circumstances other than those expressly recognized by the statute." *Id.*; *Wekesa v. United States Attorney*, 22-10260, 2022 WL 17175818, at *1 (5th Cir. 2022), *cert. denied*, 143 S.Ct. 2666 (2023). Doyduk does not allege that he requested a bond hearing or that that he meets the statutory requirements for release.

The *Jennings* Court also rejected an "implicit" six-month limitation on detentions under § 1226(c). *Id.* at 299. And this Court, and others, have found longer periods of detention were not unreasonable during removal proceedings. *See Wekesa*, 2022 WL 17175818, at * 1 (5th Cir. November 22, 2022) (two-and-a-half years); *A.R.L. v. Garland*, 6:23-CV-00852, 2023 WL 9316859, at *5 (W.D. La. 2023), *report and recommendation adopted*, 2024 WL 203971 (W.D. La. 2024) (21 months); *Asonfac v. Wolf*, 6:20-CV-01218, 2021 WL 1016245, at *2 (W.D. La. Mar. 1, 2021), *report and recommendation adopted*, 2021 WL 1011077 (15 months); *Garcia v. Lacy*, 2013 WL 3805730, *5 (S.D. Tex. 2013) (27 months).

Although Doydok has been detained at length since May 10, 2023, he does not show that his detention is indefinite. ECF No. 4 at 4. According to the automated

case information for the Executive Office for Immigration Review[1], the Government's brief is due March 4, 2024. The case will then be ripe for decision.

Additionally, Doydok does not indicate that the Government's appeal was taken in bad faith. "Where removal proceedings are delayed solely by a party's good faith exercise of its procedural remedies – whether by the petitioner or the government – continued detention is unlikely to trigger due process concerns in most cases because continued detention until completion of the removal proceedings still serves the purpose of the statute." *See Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 527 (W.D. La. 2018) (citing *Gonzalez v. Bonnar*, 18-CV-05321-JSC, 2018 WL 4849684, at *5 (N.D. Cal. 2018).

Doydok has not established that his detention, with or without a bond hearing, has become "unreasonable, unjustified, or arbitrary in light of the purpose of section 1226(c)." *See Misquitta*, 353 F.Supp.3d at 526.

## III.  Conclusion

Because Doydok has not established entitlement to relief under § 2241, IT IS RECOMMENDED that his Petition (ECF No. 4) be DENIED and DISMISSED WITHOUT PREJUDICE to refiling should his detention become unlawful.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

---

[1] https://acis.eoir.justice.gov/en/caseInformation

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, May 6, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE